| | |
|---|---|
| CALVIN BLOOMER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 1:15CV174 RLW |
| | ) |
| IAN WALLACE, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for More Definite Statement (ECF
No. 63). Defendants filed a response in opposition. Plaintiff did not file a reply brief, and the
time for doing so has expired. Upon review of the motion and response, the Court will deny
Plaintiff's Motion for More Definite Statement.

This case involves alleged violations of 42 U.S.C. § 1983 by Defendants while Plaintiff
was detained at the Southeast Correctional Center in Charleston, Missouri. Plaintiff contends
that Defendants failed to exercise reasonable care in preventing the sexual assault of Plaintiff by
another inmate. (First Am. Compl. ¶¶ 1, 47-66, ECF No. 18) Plaintiff also alleges that
Defendant Ian Wallace failed to train employees with regard to prisoner classification and
prevention of violence. (*Id.* at ¶¶ 67075)

Defendants filed an answer to Plaintiff's First Amended Complaint, raising seven
affirmative defenses:

> 1) Plaintiff's claims against Defendant fail[] to state a claim upon which relief
> can be granted, and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6);
>
> 2) Plaintiff's federal law claims against Defendant are barred by Defendant's
> qualified immunity from suit because Defendant's conduct did not violate clearly

established statutory or constitutional rights of which a reasonable person would have known;

3) Any claim against Defendant in his official capacity is barred pursuant to the Eleventh Amendment to the United States Constitution;

4) The conduct of Plaintiff caused or contributed to cause any damages to Plaintiff;

5) Plaintiff's claims are barred by all applicable statute of limitations;

6) To the extent that Plaintiff has sued Defendant based upon his supervisory position, *respondeat superior* is not a basis of liability under 42 U.S.C. § 1983 and state law; and

7) Plaintiff has failed to exhaust his administrative remedies.

(Answer to First Am. Compl. pp. 11-12, ECF No. 51)

In response, Plaintiff filed a Motion for More Definite Statement under Fed. R. Civ. P. 12(e), arguing that Defendants failed to include any facts to support their defenses. Plaintiff contends that the pleading standard of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) extends to affirmative defenses. Plaintiff claims that the affirmative defenses as pled render a response and trial preparation impossible. Defendant, on the other hand, argues that the plausibility pleading standard for claims does not apply to affirmative defenses.

Under Federal Rule of Civil Procedure 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." "Rule 12(e) is not designed to remedy an alleged lack of detail, rather, the Rule is intended to serve as a means to remedy unintelligible pleadings." *Resolution Trust Corp. v. Fiala*, 870 F. Supp. 962, 977 (E.D. Mo. 1994). Moreover, Rule 12(e) motions are generally disfavored, particularly when discovery will clarify the issues." *Hayden v. United States*, No. 4:12 CV 2030 DDN, 2013 WL 5291755, at *2 (E.D. Mo. Sept. 19, 2013) (citations omitted).

The United States Supreme Court and the Eighth Circuit Court of Appeals have not decided whether the plausibility standard for claims set forth in *Twombly* also applies to affirmative defenses. *CitiMortgage, Inc. v. Draper & Kramer Mortg. Corp.*, No. 4:10CV1784 FRB, 2012 WL 3984497, at \*3 (E.D. Mo. Sept. 11, 2012). Courts in this District have reached different conclusions regarding the applicable pleading standard for affirmative defenses under Federal Rule of Civil Procedure 8(c). *Compare, e.g., Amerisure Ins. Co. v. Thomas*, No. 4:11CV642 JCH, 2011 WL 3021205, at \*2 (E.D. Mo. July 21, 2011) (holding that the *Iqbal* and *Twombly* standards that there is some plausible, factual basis for the assertion apply to affirmative defenses), *with Draper & Kramar Mortg. Corp.*, 2012 WL 3984497, at \*3 (denying plaintiff's request to strike defendant's affirmative defenses for failure to meet the heightened pleading standards of *Twombly* and *Iqbal*); *Hayden*, 2013 WL 5291755, at \*3 (finding that the Federal Rules of Civil Procedure and the ability of plaintiff to learn specific facts supporting the affirmative defenses through discovery "dictate the conclusion that affirmative defenses ought not be required to be **initially** pled according to the plausibility standard required of claims"); *Baustian v. Fifth Third Bank*, No. 4:13-cv-1423 SNLJ, 2013 WL 6243857, at \*2 (agreeing with courts that hold the plausibility standard does not apply to affirmative defenses and denying without prejudice plaintiff's motion for a more definite statement).

This Court agrees with the most recent cases from this District holding that the *Twombly* and *Iqbal* plausibility standard for claims does not apply to affirmative defenses. The court in *Hayden* reasoned that, "'[g]iven . . . the early procedural posture at which defendants commonly must plead affirmative defenses, it is unreasonable to expect Defendant to plead affirmative defenses with the particularity that the [plaintiff's] motion implies is necessary.'" *Hayden*, 2013 WL 5291755, at \*3 (quoting *U.S. ex rel. Monahan v. Robert Wood Johnson Univ. Hosp. at*

3

*Hamilton*, No. 02-5702 (JAG), 2009 WL 4576097, at *5 (D.N.J. Dec. 1, 2009)). In addition,

Plaintiff is able to learn the facts supporting Defendants' affirmative defenses through discovery.

*Id.* Thus, the Court finds that Defendants have adequately pled their affirmative defenses in

accordance with Rule 8, and the Court will deny Plaintiff's motion.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for More Definite Statement (ECF

No. 63) is **DENIED** without prejudice.

Dated this 4th day of April, 2016.

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**